

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel

*WILLIAM T. GOSLING*
*Assistant Corporation Counsel*
Tel.: (212) 356-2384
wgosling@law.nyc.gov

April 18, 2022

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**MEMO ENDORSED**

Re:   Wellington Da Mata v. City of New York, *et al.*,
      21-CV-155 (KPF) (KNF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of Defendants the City of New York and Detective Williams (hereinafter "Defendants.") Defendants write to respectfully request a brief extension of time for defendants to submit their pre-motion letter to the Court for defendants anticipated motion for summary judgment in light of the unknown status of certain claims in this case. Plaintiff counsel consents to this request.

Discovery closed on March 11, 2022. (*See* ECF No. 29.) On March 15, 2022, the parties met and conferred regarding the status of several claims in this case, which defendants maintain should be voluntarily withdrawn. During the met and confer, counsel for plaintiff, Samuel DePaola, asked defendants to send him a proposed stipulation of the claims we believe should be withdrawn and informed the undersigned that he would review it and provide his response. On March 18, 2022, defendants sent plaintiff, by email, a proposed stipulation to dismiss more than seven claims, as well as a brief explanation for the basis of dismissal for each claim. (*See Exhibit A*, Defendants Proposed Stipulation; *See also Exhibit B*, Emails between Counsel.) On April 14, 2022, after not receiving any response from plaintiff's counsel regarding the proposed stipulation for close to a month, and in light of the upcoming pre-motion filings due to the Court, defendants sent plaintiff an email seeking a response to defendants' proposed stipulation and provided a deadline to respond by April 15, 2022. The following day, defendants sent a follow-up email regarding the status of the proposed stipulation and was later informed by Mr. DePaola that plaintiff counsel "remains unable to make a final decision as to the dismissal stip until I receive and have an opportunity to review the deposition transcript of defendant." (*See Exhibit B*.) On

1

April 18, 2022, Defendants responded and asked when plaintiff expects to receive the transcript and also asked how much time plaintiff needs to make the determination that he will voluntarily withdraw some or all of the aforementioned claims. Plaintiff counsel replied that they would like all of the record evidence before making a decision to withdraw claims; and they do not have a date but will inquire as to when they will receive the transcript[1].

Defendants are unclear how the transcript of Detective Williams would assist plaintiff in making the determination of whether to withdraw claims related to, for example, any alleged false arrest, unlawful search, or excessive force claim in light of plaintiff's own sworn deposition testimony that no officer, and certainly not Detective Williams, ever went to his home to arrest him on February 27, 2019.[2] Nonetheless, defendants respectfully request additional time for plaintiff to consider withdrawing these claims in advance of requesting a pre-motion conference in this matter.

Accordingly, in light of the unknown status of several claims in this case defendants seek a brief enlargement of time to file their pre-motion letter with the Court until such time when plaintiff provides his response to defendants' proposed stipulation as certain arguments may become moot if plaintiff consents to withdraw certain claims. The determination of the proposed stipulation is necessary to avoid utilizing court and City resources on defending claims that are expected to be withdrawn. Alternately, defendants request that the Court order plaintiff to provide their response to defendants' proposed stipulation by a date certain so the parties can proceed with their anticipated motion practice.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ *William T. Gosling*
Assistant Corporation Counsel
Special Federal Litigation Division

---

[1] Detective William's deposition was held on March 11, 2022.

[2] Defendants will also rely on several admissions of fact made by plaintiff in support of their anticipated motion for summary judgment, which plaintiff's counsel of course has in their possession.

Application GRANTED.  Plaintiff is hereby ORDERED to respond to Defendants' proposed stipulation to voluntarily dismiss certain claims by **April 27, 2022**.  Accordingly, the deadline for Defendants to submit their pre-motion letter regarding their contemplated motion for summary judgment is extended to **April 29, 2022**.  Plaintiff may respond to this letter in writing by May 2, 2022, or, alternatively, respond orally at the conference scheduled for May 3, 2022.

The Clerk of Court is directed to terminate the pending motion at docket entry 32.

Dated:     April 19, 2022                SO ORDERED.
           New York, New York

                                         *Katherine Polk Failla*

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE